IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK06-81937-TJM |
| | ) | |
| MICHAEL G. BODFIELD, | ) | CH. 7 |
| | ) | |
| Debtor(s). | ) | |

ORDER

   Hearing was held in Omaha, Nebraska, on July 2, 2007, regarding Filing No. 19, Objection to Debtor's Claim of Exemption (Amended Claim), filed by Richard D. Myers, and Filing No. 21, Resistance, filed by the debtor. Todd Mulliner appeared for the debtor and Richard Myers appeared as Chapter 7 trustee.

   Within 90 days of the filing of the bankruptcy petition, debtor paid his mother $2,500 on an outstanding debt of $3,000. He did not list the payment on his original schedules and he did not list his mother as a creditor on his original schedules.

   At the first meeting of creditors, the trustee elicited the information from the debtor and informed the debtor that he needed to file amended schedules. The trustee also suggested to the debtor that the trustee was going to take action to avoid the transfer and that upon the trustee's successful avoidance, the debtor could claim part of the recovered funds as exempt.

   The debtor did amend the schedules and entered into an agreement with the trustee for payment of the amount transferred in lieu of the trustee taking action against the debtor's mother. The debtor also filed a claim of exemption in a portion of funds. The trustee has objected to the claim of exemption, citing new case law in this jurisdiction, In re Edward & Martha Tammen, Case No. BK06-40979-TLS (Feb. 8, 2007) (Fil. #28). In addition, the trustee cites statutory authority under 11 U.S.C. § 522(g) & (h).

   Counsel for the debtor takes the position that the trustee is estopped from objecting to the claim of exemption because of the trustee's suggestion at the first meeting of creditors.

   The trustee is not estopped from taking a position consistent with the law, even though he mistakenly encouraged the debtor to file an amended claim of exemption. The Tammen case and the cases cited therein, as well as the statutory provision cited above, make it clear that the debtor cannot benefit from the trustee's avoidance of a preference.

   THEREFORE, IT IS ORDERED that the trustee's objection to the amended claim of exemption, Filing No. 19, is granted.

   DATED:  July 2, 2007

                         BY THE COURT:

                         /s/ Timothy J. Mahoney
                         Chief Judge

Notice given by the Court to:
  Todd Mulliner    *Richard Myers
  U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.